**\*\* E-filed January 6, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNABE MORA,<br><br>      Plaintiff,<br>  v.<br>USDA, et al.,<br><br>      Defendants. | No. C09-03809 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 12]** |

Pro se plaintiff Bernabe Mora sued the United States Department of Agriculture ("USDA") and the Farm Service Agency ("FSA"), seeking payment of farm disaster relief that he was awarded in 1996. He alleges that he never received a check issued in his name for this payment and demands that defendants reissue the check. Defendants move to dismiss Mora's complaint for lack of subject-matter jurisdiction and for failure to state a claim. They alternatively move for summary judgment. Mora opposes the motion,[1] but did not appear at the motion hearing nor consent to magistrate jurisdiction. Consequently, the undersigned makes the following report and recommendation.

---

[1] Mora also filed an unauthorized response following defendants' reply, to which defendants object. The court reminds plaintiff that even though he appears pro se, he is expected to follow the rules of this court. One such rule requires approval before filing a response after a reply. N.D. Cal. Civ. R. 7-3(d). Nonetheless, for the purposes of this motion, the court will consider Mora's surreply to the extent that it helps resolve the issue of subject-matter jurisdiction.

**LEGAL STANDARD**

A party may raise a lack of subject-matter jurisdiction by motion prior to filing an answer to a complaint. Fed. R. Civ. P. 12(b)(1). If a court determines that it does not have subject-matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3). A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party challenging jurisdiction may do so based on the allegations in the complaint itself (a facial attack) or based on extrinsic evidence (a factual attack). *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When the moving party raises a factual challenge, the opposing party must also present evidence to satisfy its burden of establishing subject-matter jurisdiction. *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**DISCUSSION**

Mora alleges that in September 1996, defendants issued him a check for $15,427 pursuant to a farm disaster relief program. However, he pleads that he never received the check and that it was not until April 2009 that he even learned he had been approved for relief. Mora claims that he asked defendants about the check, but was told that they could not reissue it because it had already been negotiated. His complaint demands the reissuance of the check plus $20,000 in damages.

In their motion, defendants assert that this court lacks subject-matter jurisdiction. They say that if Mora is alleging a contract claim, then the amount in controversy exceeds the dollar limit under which this court has jurisdiction. They further argue that if Mora is instead alleging a tort claim, then the court still lacks subject-matter jurisdiction because he failed to plead exhaustion of his administrative remedies as required by the Federal Tort Claims Act ("FTCA").[2] Yet Mora does

///

///

---

[2] Defendants also argue that this court lacks subject-matter jurisdiction because a separate statute requires exhaustion of administrative appeals prior to seeking judicial review of a USDA action. *See* 7 U.S.C. § 6912(e). Yet in the Ninth Circuit, a failure to exhaust the remedies required by this statute is not jurisdictional. *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 976 (9th Cir. 2002) ("We hold that the exhaustion requirement of 7 U.S.C. § 6912(e) is not jurisdictional.").

not address the merits of subject-matter jurisdiction in his opposition or surreply.[3] Instead, he simply asks that this court deny defendants' motion because there is a genuine dispute as to whether or not he received the check in 1996.

Nonetheless, before the court can consider the merits of Mora's claim, it must first conclude that it has subject-matter jurisdiction over the dispute. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Defendants have presented affidavits and evidence in their motion that go beyond the face of the complaint, and thus the court will evaluate their motion as a factual challenge to subject-matter jurisdiction.

A review of the complaint and Mora's responses to this motion reveal that his dispute is based in contract. First, he captioned his complaint as a "Petition for Damages for Government Breach of Contract." Second, his claim sounds in contract even though it may be inartfully pled, as he alleges that defendants must reissue him a check as the rightful payee of federal benefits. *See Haines v. Kearner*, 404 U.S. 519, 520 (1972) (noting that courts do not hold allegations in a pro se complaint to the same standard as those drafted by attorneys). Third, his surreply directly asserts that defendants have a contractual obligation to him concerning payment of disaster relief. Finally, Mora has not pled any tort allegations against defendants and did not raise any arguments to the contrary in his responses to this motion.[4]

As a contract claim against federal defendants, this court's jurisdiction is limited by the amount in controversy. The Court of Federal Claims has exclusive subject-matter jurisdiction over contract claims against the United States that exceed $10,000. *Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974, 986 (9th Cir. 2006); 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Mora's complaint asserts a

---

[3] Mora does ask the court to "waive the other obstacle" that defendants have "placed on the road to justice." It is unclear if Mora is referring to subject-matter jurisdiction, but if he is, the court notes that it cannot waive this requirement. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–02 (1982).

[4] In any event, this court would also lack subject-matter jurisdiction over a tort claim, as Mora has not suggested that he filed a written tort claim with defendants prior to bringing this action—a jurisdictional requirement of the FTCA. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a) (2009); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *Lehner v. United States*, 685 F.2d 1187, 1189 (9th Cir. 1982). Furthermore, although not jurisdictional, the underlying events in this action took place in 1996—well beyond the applicable two-year statute of limitations. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.").

contract claim for $35,427. Even without his request for additional damages, the 1996 payment at issue in this case is for $15,427. As a result, his complaint requests relief that is above the $10,000 jurisdictional limit for a district court and this court lacks subject-matter jurisdiction to hear his claim.[5]

**CONCLUSION**

Because plaintiff has yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge.

The undersigned further RECOMMENDS that the newly assigned judge:

1. GRANT defendants' motion to dismiss for lack of subject-matter jurisdiction without prejudice to bring his contract claim before the Court of Federal Claims,
2. DENY AS MOOT defendants' alternative motion for summary judgment, and
3. Order the Clerk to close the file.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: January 6, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[5] It appears that Mora was aware that he should have filed his complaint in the Court of Federal Claims, as he prominently lists that court on the first page of his complaint. (Compl. 1.) If he would like to assert his claim before that court, he may visit the Court of Federal Claims' website to learn how to file a complaint. *See* http://www.uscfc.uscourts.gov/filing-complaint.

4

**C 09-03809 Notice will be electronically mailed to:**

James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**Notice will be send by other means to:**

Bernabe Mora
247 Shasta Street
Watsonville, CA 95016

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**